## Case No. 11,053.

### In re PEVEAR et al.

### [17 N. B. R. (1878) 461.] [1]

District Court, N. D. New York.

#### BANKRUPTCY—PRIORITY—WAGES.

The claimant had been employed by the bankrupts for the term of one year, but was discharged at the expiration of six months, and for a long time thereafter was unable to procure employment. He was paid for the time he actually worked. The register decided that he was entitled to priority in the payment of the sum claimed as wages for the time he was unemployed. *Held*, that the decision of the register was erroneous.

The question certified to the court is whether the claimant is entitled to priority in the distribution of the assets as for wages due to him as an operative. He was employed for a year at a salary of nine hundred dollars, but, owing to the insolvency and suspension of his employers, the bankrupts [Warren E. Pevear and William La Croix] was discharged at the expiration of six months. He was paid for the time he actually worked, but for a long time after was unable to obtain other employment.

----

[1] [Reprinted by permission.]

By HAKES, Register:

As matter of law, aside from the question of preference or priority under section 5101, it is conceded that the claimant would be entitled to pay for the time he was out of and unable to find employment. The objection is raised by the assignee and certain of the creditors that the case does not fall within the scope of either subdivision of the section referred to, and that the language of subdivision 4 of that section is not broad enough to include such a claim as preferred. It is true that, by the literal wording of that subdivision, priority is given "for labor performed." Still, the purpose and intention of the provision therein made for this class of creditors is apparent, and should have a controlling influence in giving construction to the language used. The statute manifestly contemplates making provision for laborers and their families whose occupation suggests that they have but limited or moderate means, and whose daily, weekly, or monthly wages are necessary for their support; and it is insisted that a fair construction of the statute will embrace the operative who has been ready and willing to work for his employer, and who has been deprived of the opportunity to work by such employer, as well as the person who has actually performed the labor, especially when he has been unable to find other employment during the time in question. The necessity for expenses for the support of the operative or his family does not cease when the employer suspends business or fails to furnish employment for the operative under his contract, and the reason and justice of the provision of the statute apply with as much force in a case of this kind as where the operative has actually performed the labor. Besides this, the mere suspension of business on the part of the employer did not release the laborer from his obligation under the contract, and the employers could, at any time between the 9th day of December and the 18th day of January, 1877, have required the creditor (operative) to commence and proceed with his labor under the contract. The wages of the claimant from the 9th of December to the 18th of January aforesaid amount to more than fifty dollars, and in the opinion of the register the creditor is entitled to priority in the payment of that sum.

WALLACE, District Judge. I cannot concur in the opinion of the register. The operative is entitled, under section 5101, to priority "for wages due to an amount not exceeding fifty dollars, for labor performed within six months next preceding the first publication of the notice of proceedings in bankruptcy." Under the register's construction, the operative is allowed priority, not for wages due for labor performed, but for damages for breach of contract in not permitting him to perform labor. The fact that his measure of damages under the circumstances is equivalent to his wages is not material. He has not performed labor, and he is not entitled to wages which are a compensation for labor.